**Kyann Kalin**, OSB No. 060754
kyann@stutheitkalin.com
**Maria Witt,** OSB No. 145573
maria.witt@stutheitkalin.com
**STUTHEIT KALIN LLC**
1 SW Columbia Street, Suite 1850
Portland, Oregon 97204
Telephone:  (971) 339-7660
Facsimile:  (503) 715-5670

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| DON BURNETT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED NATURAL FOODS INC. *aka* SUPERVALU INC. *aka* UNIFIED GROCERS, INC.;<br><br>　　　　　　Defendant. | Case No.<br><br>**COMPLAINT**<br><br>O.R.S. § 659A.112 and 42 U.S.C. § 12112 (Disability Discrimination); ORS 659A.183 and 29 U.S.C. § 2615 (Oregon Family Leave Act and federal Family Medical Leave Act); ORS 659A.030(1)(f) (Retaliation for Opposing Unlawful Practice)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Don Burnett ("Mr. Burnett" or "Plaintiff") by and through his attorneys, alleges as follows for his complaint:

## JURISDICTION AND VENUE

1.

Mr. Burnett is an individual who is a citizen of Oregon and at all times material has resided in Oregon.

COMPLAINT - 1

**STUTHEIT KALIN LLC**
1 SW COLUMBIA, SUITE 1850 PORTLAND OR 97204
T: 971-339-7660 | F: 503.715.5670
MARIA.WITT@STUTHEITKALIN.COM

2.

Defendant United Natural Foods Inc. ("UNFI") is a Delaware corporation with its principal place of business in Providence, Rhode Island.

3.

This Court has subject matter jurisdiction over Mr. Burnett's claims pursuant to 28 U.S.C. § 1331, federal question jurisdiction, because Mr. Burnett asserts claims under federal statutes.

4.

Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) and LR 3-2(b) because a substantial part of the events or omissions alleged in the complaint occurred in this judicial district.

## ALLEGATIONS

5.

Mr. Burnett was hired by Unified Grocers, Inc. on February 13, 2017 as an "Order Filler."

6.

During the time that Mr. Burnett worked for Unified Grocers, Inc., SUPERVALU INC. acquired Unified Grocers, Inc. SUPERVALU INC. is now a subsidiary of UNFI.

7.

UNFI is a successor in interest of Unified Grocers, Inc.

8.

UNFI is a wholesale food distributor.

9.

Mr. Burnett has mental health disabilities, including depression, anxiety, and panic disorders.

10.

COMPLAINT - 2

Mr. Burnett frequently was unable to attend work because of his disabilities.

11.

Mr. Burnett was approved for intermittent OFLA leave from May 25, 2018 through May 24, 2019 with a frequency of four one-day absences per month. He was also granted multiple blocks of continuous leave under OFLA during the same period.

12.

In August of 2018, due to his disabilities, Mr. Burnett was absent from work for several days of protected medical leave.

13.

On September 5, 2018, Mr. Burnett was suspended without pay for allegedly incurring 10 "events"—points incurred from unauthorized absences.

14.

However, the "events" included days in which Mr. Burnett had submitted the appropriate certification form to designate the absences as protected FMLA/OFLA leave.

15.

After Mr. Burnett's union notified UNFI of its intention to file a grievance on Mr. Burnett's behalf, UNFI directed Mr. Burnett to return to work on September 16, 2018.

16.

UNFI refused, however, to rescind the suspension of Mr. Burnett and refused to pay Mr. Burnett for the nine days that he was illegally suspended without pay.

17.

After Mr. Burnett returned to work, he continued to take protected medical leave because of his disabilities.

18.

UNFI issued discipline to Mr. Burnett that was without factual support. For example, he was issued a "Second Written Warning" on April 1, 2019 based in part on an

COMPLAINT - 3

STUTHEIT KALIN LLC
1 SW COLUMBIA, SUITE 1850 PORTLAND OR 97204
T: 971-339-7660 | F: 503.715.5670
MARIA.WITT@STUTHEITKALIN.COM

absence on December 23, 2018 for which Mr. Burnett had been approved for FMLA/OFLA.

19.

Similarly, on April 6, 2019, UNFI issued Mr. Burnett a "Final Written Warning" that was inappropriately based, in part, on an absence over a year prior.

20.

UNFI, including Human Resources Business Partner Vicky Reedy and supervisor Rick Rowe, were rude and dismissive to Mr. Burnett when discussing his medical leave and were irritated that Mr. Burnett continued to need leave to seek medical treatment.

21.

Every time that Mr. Burnett was disciplined for taking leave or had to talk to UNFI representatives about his leave, his mental health suffered and he suffered panic attacks or other manifestations of stress and depression.

22.

On several occasions, Mr. Burnett told Ms. Reedy and Mr. Rowe that their harassing treatment and disciplinary actions were exacerbating his pre-existing medical conditions.

23.

In April of 2019, Mr. Burnett filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Oregon's disability discrimination laws and medical leave laws.

24.

In June of 2019, Ms. Reedy submitted an opposition statement to BOLI on behalf of UNFI.

25.

COMPLAINT - 4

STUTHEIT KALIN LLC
1 SW COLUMBIA, SUITE 1850 PORTLAND OR 97204
T: 971-339-7660 | F: 503.715.5670
MARIA.WITT@STUTHEITKALIN.COM

In June of 2019, UNFI notified Mr. Burnett that he had exhausted his FMLA leave through the end of the current leave year, July 31, 2019.

26.

Knowing that Mr. Burnett had no more medical leave to use, Ms. Reedy met with Mr. Burnett on July 25, 2019 to discuss reasonable accommodations for his disability. In the meeting, Mr. Burnett repeatedly told Ms. Reedy that when he experienced episodes or flare-ups of his mental health disability, he was unable to work.

27.

At the end of the meeting, Ms. Reedy told Mr. Burnett that she would get back to him regarding available accommodations.

28.

UNFI knew by the end of the July 25, 2019 meeting that the reasonable accommodation of intermittent leave would be a way to accommodate Mr. Burnett's disabilities.

29.

However, instead of offering Mr. Burnett any accommodation, UNFI ramped up its harassment and retaliation against Mr. Burnett for taking leave.

30.

In August of 2019, Mr. Burnett missed several days of work due to his disabilities.

31.

In early September of 2019, UNFI attempted to terminate Mr. Burnett based on his absences, even though the absences were taken under protected medical leave and even though UNFI knew that a reasonable accommodation of the ability to take intermittent leave would enable Mr. Burnett to perform the essential functions of his job.

32.

STUTHEIT KALIN LLC
1 SW COLUMBIA, SUITE 1850 PORTLAND OR 97204
T: 971-339-7660 | F: 503.715.5670
MARIA.WITT@STUTHEITKALIN.COM

After Mr. Burnett's union filed a grievance on his behalf, UNFI changed its position from attempting to terminate Mr. Burnett to issuing him a Final Written Warning. However, in conjunction with this change, UNFI tried to force Mr. Burnett to sign a "Last Chance Agreement," in which he would "immediately withdraw or dismiss" any claims against UNFI, including the BOLI/EEOC complaint.

33.

Mr. Burnett refused to release his claims against UNFI. In retaliation, UNFI suspended Mr. Burnett without pay from September 9, 2019 to September 13, 2019.

34.

On September 12, 2019, UNFI withdrew its demand that Mr. Burnett release his claims and, therefore, he returned to work. However, UNFI refused to pay Mr. Burnett for the four days that he was illegally suspended without pay.

35.

Mr. Burnett's last day of work at UNFI was approximately April 2, 2020.

36.

UNFI never responded to Mr. Burnett regarding his need for accommodations and never offered him the option of taking leave as an accommodation for his disability while he was still working.

37.

On April 6, 2020, UNFI approved the following accommodation for Mr. Burnett's disability: "Intermittent leave of absence to allow you to stay home when you are unable to work due to your health condition."

38.

UNFI never called Mr. Burnett back to work after approving this accommodation.

39.

COMPLAINT - 6

STUTHEIT KALIN LLC
1 SW COLUMBIA, SUITE 1850 PORTLAND OR 97204
T: 971-339-7660 | F: 503.715.5670
MARIA.WITT@STUTHEITKALIN.COM

As a result of UNFI's actions, Mr. Burnett's mental health conditions were exacerbated and he suffered severe emotional distress.

40.

On April 29, 2020, BOLI concluded its investigation, finding "substantial evidence to support the allegations of discrimination." BOLI issued Mr. Burnett a Right to Sue letter, allowing him to file a civil suit within 90 days.

41.

On June 12, 2020, the EEOC issued a Right to Sue letter to Mr. Burnett.

## FIRST CLAIM FOR RELIEF
### Disability Discrimination – O.R.S. § 659A.112; 42 U.S.C. § 12112

42.

Plaintiff realleges and incorporates the allegations made in the prior paragraphs.

43.

Plaintiff has disabilities, including major depressive disorder, severe panic disorder, and anxiety, that substantially limit one or more major life activities, including sleeping, eating, concentrating, thinking, communicating, working, socializing, and interacting with others.

44.

Plaintiff was qualified to perform the essential functions of his job with or without reasonable accommodations.

### Count 1 – Discrimination based on Disability

45.

COMPLAINT - 7

**STUTHEIT KALIN LLC**
1 SW Columbia, Suite 1850 Portland OR 97204
T: 971-339-7660 | F: 503.715.5670
MARIA.WITT@STUTHEITKALIN.COM

Plaintiff was subjected to adverse treatment by Defendant in the form of disciplining Plaintiff when he was absent or took protected medical leave due to his disabilities and by creating a hostile work environment.

46.

Plaintiff's disabilities were a substantial factor in Defendant's adverse treatment of Plaintiff.

47.

As a result of the above conduct, Plaintiff is entitled to a declaration that Defendant violated his right to be free from disability discrimination. Plaintiff is also entitled to injunctive relief and other equitable relief that may be appropriate, including back pay.

48.

As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered lost income and benefits, including prejudgment interest, all to his economic detriment, in an amount to be determined at trial.

49.

As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation, anger, emotional distress, and loss of enjoyment of life and is entitled to an award of compensatory damages in the amount to be determined at trial.

50.

Plaintiff is entitled to recover his reasonable attorneys' fees, expert fees and costs pursuant to O.R.S. § 20.107, O.R.S. § 659A.885(1), and 42 U.S.C. § 12205.

### Count 2 – Failure to Provide Reasonable Accommodations

51.

COMPLAINT - 8

STUTHEIT KALIN LLC
1 SW COLUMBIA, SUITE 1850 PORTLAND OR 97204
T: 971-339-7660 | F: 503.715.5670
MARIA.WITT@STUTHEITKALIN.COM

Plaintiff was subjected to adverse treatment when Defendant refused to offer reasonable accommodations to Plaintiff.

52.

As a result of the above conduct, Plaintiff is entitled to a declaration that Defendant violated his right to be free from disability discrimination. Plaintiff is also entitled to injunctive relief and other equitable relief that may be appropriate, including back pay.

53.

As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered lost income and benefits, including prejudgment interest, all to his economic detriment, in an amount to be determined at trial.

54.

As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation, anger, emotional distress, and loss of enjoyment of life and is entitled to an award of compensatory damages in the amount to be determined at trial.

55.

Plaintiff is entitled to recover his reasonable attorneys' fees, expert fees and costs pursuant to O.R.S. § 20.107, O.R.S. § 659A.885(1), and 42 U.S.C. § 12205.

## SECOND CLAIM FOR RELIEF
**Family Medical Leave Act – O.R.S. § 659A.183 and 29 U.S.C. § 2615**

56.

Plaintiff realleges and incorporates the allegations made in the prior paragraphs.

57.

COMPLAINT - 9

STUTHEIT KALIN LLC
1 SW COLUMBIA, SUITE 1850 PORTLAND OR 97204
T: 971-339-7660 | F: 503.715.5670
MARIA.WITT@STUTHEITKALIN.COM

Plaintiff took medical leave protected by the Oregon Family Leave Act ("OFLA") and the federal Family Medical Leave Act ("FMLA").

58.

At all material times, Plaintiff had a serious health condition as that term is defined in O.R.S. § 659A.150(6) and 29 U.S.C. § 2611(11).

59.

Plaintiff worked an average of more than 25 hours per week for Defendant during the 180 days immediately preceding the date on which Plaintiff commenced medical leave in August of 2018 and August of 2019.

60.

Plaintiff also worked for at least 12 months for Defendant and for at least 1,250 hours of service during the 12-month period immediately preceding the date on which Plaintiff commenced medical leave in August of 2018 and August of 2019.

61.

Defendant interfered, discriminated, and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, disciplining Plaintiff for taking protected medical leave and treating him in a hostile manner in response to his need for medical leave.

62.

As a result of the above conduct, Plaintiff is entitled to a declaration that Defendant violated his right to be free from interference, discrimination, and retaliation due to his use of OFLA/FMLA leave. Plaintiff is also entitled to injunctive relief and other equitable relief that may be appropriate.

63.

COMPLAINT - 10

STUTHEIT KALIN LLC
1 SW COLUMBIA, SUITE 1850 PORTLAND OR 97204
T: 971-339-7660 | F: 503.715.5670
MARIA.WITT@STUTHEITKALIN.COM

As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered lost income and benefits, including prejudgment interest, all to his economic detriment, in an amount to be determined at trial.

64.

Plaintiff is entitled to recover his reasonable attorneys' fees, expert fees and costs pursuant to O.R.S. § 20.107, O.R.S. § 659A.885(1), and 29 U.S.C. § 2617(a)(3).

### THIRD CLAIM FOR RELIEF
**Retaliation for Opposing Unlawful Practices – ORS 659A.030(1)(f)**

65.

Plaintiff realleges and incorporates the allegations made in the prior paragraphs.

66.

Plaintiff engaged in protected activity when he opposed Defendant's treatment of him and when he filed a complaint with BOLI/EEOC.

67.

Defendant retaliated against Plaintiff by subjecting him to a hostile work environment, attempting to pressure him to waive his right to pursue his BOLI/EEOC claim, and by disciplining him in violation of the OFLA/FMLA.

68.

As a result of the above conduct, Plaintiff is entitled to a declaration that Defendant violated his right to be free from retaliation for opposing unlawful practices. Plaintiff is also entitled to injunctive relief and other equitable relief that may be appropriate, including back pay.

69.

COMPLAINT - 11

**STUTHEIT KALIN LLC**
1 SW COLUMBIA, SUITE 1850 PORTLAND OR 97204
T: 971-339-7660 | F: 503.715.5670
MARIA.WITT@STUTHEITKALIN.COM

As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered lost income and benefits, including prejudgment interest, all to his economic detriment, in an amount to be determined at trial.

70.

As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation, anger, emotional distress, and loss of enjoyment of life and is entitled to an award of compensatory damages in the amount to be determined at trial.

71.

Plaintiff is entitled to recover his reasonable attorneys' fees, expert fees and costs pursuant to O.R.S. § 20.107, O.R.S. § 659A.885(1).

**WHEREFORE**, Plaintiff Don Burnett prays for relief as follows:

(1) A judgment for the back pay and lost benefits from the days he was unlawfully suspended without pay, compensatory damages for the emotional distress, embarrassment, humiliation, mental suffering, and loss of personal dignity he has endured, along with his costs and reasonable attorneys' fees, pursuant to O.R.S. § 20.107, O.R.S. § 659A.885, 42 U.S.C. § 12205, and 29 U.S.C. § 2617(a)(3); and

(2) For such other and further relief as this Court deems appropriate.

DATED: July 20, 2020

        **STUTHEIT KALIN LLC**

        By: */s/ Maria Witt*
        Maria Witt, OSB No. 145573
        maria.witt@stutheitkalin.com
        Kyann Kalin, OSB No. 060754
        kyann@stutheitkalin.com

        *Attorneys for Plaintiff*

COMPLAINT - 12

STUTHEIT KALIN LLC
1 SW COLUMBIA, SUITE 1850 PORTLAND OR 97204
T: 971-339-7660 | F: 503.715.5670
MARIA.WITT@STUTHEITKALIN.COM